

Cortlan S. Hitch
302.888.6855
chitch@morrisjames.com

November 17, 2023

The Honorable Colm F. Connolly
United States District Judge
District of Delaware
J. Caleb Boggs Federal Building
844 North King Street, Unit 31, Room 4124
Wilmington, Delaware 19801-3555

*Re:*   D.I. 26 – Order Requiring Update on Final Disposition of the Nimitz Petition
        *Missed Call, LLC v. Twilio, Inc.*, CA No. 1:22-cv-00742-CFC

Dear Judge Connolly,

Twilio writes to update the Court on developments in this case since the Court stayed this case on November 22, 2022.

As the Court is aware, this case was stayed after counsel for Plaintiff Missed Call filed a petition for writ of mandamus in the separate *In re Nimitz* matter seeking to nullify this Court's standing order requiring disclosure of ownership and litigation funding in patent cases. (D.I. 26). The Court of Appeals for the Federal Circuit denied that petition on December 8, 2022. **Ex. A**. On December 21, 2022, Plaintiff's counsel filed a petition for rehearing *en banc*, which was denied on January 31, 2023. **Ex. B, C**. On February 2, 2023, counsel filed a motion to stay the Federal Circuit's mandate pending an intended petition for writ of certiorari to the United States Supreme Court. **Ex. D**. This motion to stay was denied on February 7, 2023. **Ex. E**. Counsel did not file a petition for a writ of certiorari in the Supreme Court and has fully exhausted its appeals. And, despite this Court's instruction to notify it within 7 days of the resolution of the *In re Nimitz* petition, Plaintiff's counsel did not do so.

Instead, on October 24, 2023, Missed Call filed a duplicative action against Twilio in the Western District of Texas, copying this Complaint nearly word-for-word and asserting the same '872 Patent and the same causes of action still pending here. **Ex. F** (*Missed Call, LLC v. Twilio Inc.*, CA No. 1:23-cv-01294, W.D. Tex.). But this Court maintains continuing jurisdiction over the above-captioned proceeding, and venue is inappropriate in Texas for a number of reasons, including that Twilio has no offices there.

Given that Plaintiff apparently intends to proceed with its suit despite earlier requesting dismissal, Defendant requests the Court lift the stay in this case and proceed to address

Morris James LLP

Defendant's pending dispositive motion filed pursuant to Section 101 and conduct any other evidentiary hearings needed to address the Court's "concerns about accuracy of the amended corporate disclosure statements" (D.I. 21, at 3) filed by Plaintiff. Separately, Twilio intends to file a motion to dismiss the Western District of Texas action in favor of this Court's continuing jurisdiction over the identical claims pending here.

      Respectfully,

      */s/ Cortlan S. Hitch*
      Cortlan S. Hitch (#6720)

cc: All Counsel of Record (via CM/ECF and electronic mail)

16416774/1